## THE JEFFERSON MYERS.

PETTERSON v. STEAMSHIP JEFFERSON MYERS, a Corporation, et al.

No. 18.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1930.

Saul Sperling, of New York City, for libelant.

Jenkins Dimmick & Finnegan, of New York City (Murray G. Jenkins, of New York City, of counsel), for Steamship Terminal Operating Company.

MacFarland, Taylor & Costello, of New York City (Walter R. Kiernan, of New York City, of counsel), for The Jefferson Myers.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The cause of suit against the steamship for maintenance and cure should not ·have been dismissed [Seely v. City of N. Y., 24 F. (2d) 412 (C. C. A. 2)], though the liability was secondary to that of the stevedore. A proper award is $600.

It is not important here to determine whether the libelant's contribution to his injuries was by negligence, or assumption of risk. In either case the Steamship Terminal Operating Company cannot complain of the division of damages, as it has not filed any assignment of errors under Rule 37, subdivision 3, of this court. We do not therefore decide which it was. Taking, as we should, the findings of the trial judge that the respondents' witnesses were telling the truth, the libelant himself recognized that it was dangerous to work near the draughts of lumber as they came out of the ship. He had not been told to work there, but to keep out of the way of the stevedores, so that the doctrine of Cricket S. S. Co. v. Parry, 263 F. 523 (C. C. A. 2), does not apply. This ends any recovery against the steamship in tort, and charges him with either negligence or assumption of risk.

On the other hand, we read the language of the trial judge as assuming that he should not recover for his injuries so far as they were aggravated by his existing maladies. This we conceive to be a mistake. A tortfeasor is ·liable for all resulting damages, though aggravated by the diseased condition of the injured party. A sickly or maimed man recovers for everything occasioned by the wrong, though he would not have suffered so much had he been whole. Maguire v. Sheehan, 117 F. 819, 821, 59 L. R. A. 496 (C. C. A. 1); Camp Mfg. Co. v. Beck, 283 F. 705, 707 (C. C. A. 4); McCahill v. N. Y. Transp. Co., 201 N. Y. 221, 94 N. E. 616, 48 L. R. A. (N. S.) 131, Ann. Cas. 1912A, 961. At any rate, we think the award too low, and raise it to $3,600, one-half of which is $1,800.

Decree modified, so as to allow the libelant $1,800 as against the Steamship Terminal Operating Company with costs, and $600, secondarily against the steamship, with costs; only one bill of costs to be allowed in any event.