198 So.2d 685 (1967)
Edgar J. ROGERS
v.
The STUYVESANT INSURANCE COMPANY OF NEW YORK.
No. 7003.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
Rehearing Denied May 29, 1967.
*686 J. Walter Ward, Jr., of Christovich & Kearney, New Orleans, for Stuyvesant Ins. Co. of New York, defendant-appellant and third-party-plaintiff-appellee.
Edward T. Diaz of Diaz & Erny, Golden Meadow, Stanley L. Perry, of Perry & Perry, Galliano, for appellee.
Before LOTTINGER, REID, and SARTAIN, JJ.
REID, Judge.
This is a suit arising out of an automobile accident which occurred on October 23, 1963 at about 6:30 A.M. on U. S. Highway 90, approximately six miles east of Raceland, Louisiana. Plaintiff Edgar J. Rogers was riding in a 1962 Ford owned by Emmett and Emile Eymard Company, Inc., and driven by Mervin J. Trosclair, its employee who served as tugboat captain and Edgar J. Rogers a deck hand employee as a passenger.
The Trosclair car was proceeding east on U. S. Highway 90 toward Harvey, Louisiana, when at about six miles east of Raceland it ran into a heavy, thick fog or smog which enveloped the highway. He slowed his car down and came to a stop, or near stop, when he was struck from the rear by a 1955 Buick owned and operated by Sergeant George H. Starks.
Plaintiff sued Stuyvesant Insurance Company of New York, hereinafter called "Stuyvesants", the insurer of the Starks automobile.
Plaintiff alleged that the accident was caused solely by the negligence of George H. Starks and that he (1) was traveling at an excessive rate of speed under the circumstances; (2) was driving recklessly under the circumstances; (3) failed to maintain a proper lookout; and (4) failed to maintain a safe interval. The suit was for $27,500.00.
To this petition Stuyvesant filed an answer admitting that the Starks vehicle ran into the rear of the Trosclair automobile which he alleged was stopped on the highway without lights of any nature, and in a *687 foggy or smoggy area creating a dangerous and hazardous condition. Stuyvesant further answered stating that the sole and proximate cause of the collision complained upon was the negligence of Trosclair in the following acts of commission and omission:
"(1) He operated his vehicle without lights although visibility was severely restricted by the presence of smog on the highway;
(2) He failed to do anything to warn approaching drivers of the presence of his vehicle, stopped on the highway without lights;
(3) He created a dangerous and hazardous situation by stopping his vehicle on a heavily travelled highway at a time when visibility was seriously impaired;
(4) He did nothing to protect oncoming traffic by the placing of flares or giving warning of any other nature of the presence of his vehicle."
Defendant Stuyvesant then filed a third party petition against Mervin Trosclair and Emmett and Emile Eymard Co. Inc., alleging that if there was any responsibility on the part of respondent as a result of the accident complained of, respondent was entitled to contributions of one-half of the amount of any judgment which may be rendered against the said Trosclair and Emmett and Emile Eymard Co. Inc. hereinafter called "Eymard." The reason for this is that Trosclair was acting in the course and scope of his duties and was guilty of negligence proximately causing the accident complained of, which acts of negligence are those hereinabove enumerated.
Subsequent to that Eymard filed a suit on its own against George H. Starks and Stuyvesant Insurance Company of New York alleging the aforesaid collision was in no way caused or contributed to by plaintiff Eymard or anyone's acts of omission for which they were responsible but on the contrary was caused entirely by the defendant, George H. Starks in the following respects to-wit:
"(A) Failing to maintain a proper and sufficient lookout.
(B) Traveling at an excessive and immoderate rate of speed under the prevailing circumstances.
(C) Failing to maintain a safe distance under the prevailing circumstances.
(D) Driving in a reckless and irresponsible manner, and
(E) Failing to take any appropriate action under the prevailing circumstances."
They further allege that they paid Rogers, their employee, a maintenance allowance of $6.00 per day from November 1, 1963 to October 15, 1964 for the total sum of $2100.00 and would continue to pay such maintenance until Rogers was able to return to work, or reach maximum care.
They further sought the sum of $25.00 which they paid under the General Maritime Law for examination at the hospital, and in addition sought the sum of $501.15 damages to the automobile and a two way radio connected therein.
These two cases were consolidated for trial with separate judgments to be rendered on each.
Subsequently Rogers filed a supplemental and amended petition stating that he was physically unable to pursue his employment as a seaman on a tugboat which caused him to lose his usual wages of $250.00 a month, and sought the sum of $10,000 as loss of his earnings in the present and future. He prays that his judgment be increased to the full sum of $37,500.00, an increase of $10,000.00 over the original prayer.
In answer to the third party petition of Stuyvesant, Eymard filed an exception of no right or cause of action, because the plaintiff Rogers was injured while acting within the scope and cause of his employment and there was no liability accruing to *688 Eymard except under the Louisiana Workman's Compensation Act, the Longshoreman and Harbor Workers Act or the Jones Act. The exception further alleges that in order to force Eymard to contribute to the third party plaintiff it would be necessary for both parties to be co-obligators bound in solido for the same obligation.
Trosclair filed an answer to the third party demand, denying any liability and reiterating the allegations of negligence on the part of Starks as set out in the original petition.
Eymard filed an answer to the third party demand denying any liability and setting up the cause of the accident as solely Starks' negligence on the grounds set out in the original petition. Eymard also filed an intervention seeking reimbursement of the sum of $2558.00 paid under the General Maritime Law for maintenance and care of Rogers and asked to be paid by preference and priority.
The second suit, Emmett and Emile Eymard Co. Inc. v. Stuyvesant Insurance Co. of N. Y., La.App., 198 So.2d 692 has been appealed to this Court and has the number 7004. We will accordingly take up these two cases together with separate decisions in each.
The Trial Judge rendered a judgment in the Rogers suit in favor of Rogers and against Stuyvesant Insurance Company of New York in the amount of $11,140.70 with legal interest from judicial demand until paid, and costs.
Judgment was rendered in favor of Stuyvesant Insurance Company of New York against Mervin Trosclair and Eymard in the full sum of $5570.35 with legal interest from judicial demand until paid. The Trial Court also rendered judgment in favor of Emmett and Emile Eymard Co. Inc., against Starks and Stuyvesant in the full sum of $526.15 with legal interest from judicial demand until paid.
Stuyvesant sets up the following specifications of error, to-wit:
"I. The Court erred in finding as its conclusion of law that Sergeant George H. Starks was negligent, particularly under the circumstances of the subject accident occurring in a heavy smog or fog bank, when the Starks' vehicle had struck the forward Trosclair vehicle, which was stopped, unlighted and had given no warning or signals to following motorist.
II. Alternatively, the award by the Court to Edgar J. Rogers of general damages in the sum of seven thousand five hundred and no/100 ($7,500.00) Dollars was so excessive as to constitute an abuse of the much discretion invested in the Trial Judge.
III. The Court erred in overruling appellants' exception of no cause of action in that there was no cause of recovery by Emmett & Emile Eymard Co. Inc., for maintenance payments made by it to its employee Rogers.
IV. The Court erred in its failure to find under the pleadings of appellants in the second proceeding that the contributory negligence of Mervin J. Trosclair, while within the scope of his employment with the plaintiff therein, should bar recovery by the plaintiff, or alternatively, the Court erred by its failure to allow an amendment of appellants' answer to confirm the evidence adduced at trial without objection showing the clear contributing negligence of Trosclair, and to render judgment against his employer because of the imputation of negligence to it."
The third party defendant appellant Eymard has filed the following specifications of error, to-wit:
"(1) The trial court was in error in failing to accept the testimony of both Mervin Trosclair and Edgar Rogers to the effect that Trosclair was slowing to a stop because the cars in front of him *689 were stopping and that he was not stopped.
(2) That the trial court was in error in finding that the Trosclair vehicle was parked on the highway in a fog bank without lights.
(3) The trial court was in error in holding that the irreconcilable testimony of Mr. and Mrs. George Starks overcame the uncontradicted testimony of Mervin Trosclair and Edgar Rogers.
(4) The trial court was in error in finding of negligence on the part of the employees of Emmett & Emile Eymard Company, Inc., and therefore casting said corporation as a joint tort feasor.
The Trial Judge filed written reasons for his judgment and we are quoting with approval from the following portion of the same, to-wit:
"As to the merits of the claim, all parties have denied any liability and alleged that the other was completely to blame. The facts of the accident reveal that the plaintiff, Edgar J. Rogers, was a guest passenger in a vehicle being driven by Mervin Trosclair, traveling in the Parish of Lafourche, going East, or towards New Orleans, on U.S. Highway 90, approximately six miles east of the junction of Highway 90 and Louisiana Highway State No. 308. There was a collision between the Trosclair vehicle and the vehicle insured by The Stuyvesant Insurance Company of New York, being driven and operated by its insured, George H. Starks.
The record shows that the accident occurred sometime around 6:30 in the morning. The weather conditions were quite foggy, with visibility being very limited.
Plaintiff has alleged that the defendant, Stuyvesant Insurance Company, through its assured, George H. Starks, was not maintaining a proper lookout, and traveling at an excessive rate of speed under the conditions. It is clear that the accident occurred with the Stuyvesant vehicle running into the rear of the Trosclair vehicle. Among other places, it is shown in the testimony of Trooper Falgout, at Tr. page 14 where he shows the 1955 Buick damaged in front; that is the Stuyvesant vehicle, and the 1960 Ford damaged in the rear; that is the Trosclair vehicle.
The Court is of the opinion and convinced and does find as a fact that George H. Starks was negligent in the operation of his vehicle, and that said negligence was the proximate cause of the accident that gives rise to this claim.
The next question presented the Court is whether or not Mervin Trosclair was negligent in the operation of his vehicle. There is a great deal of testimony about the question of whether or not the Trosclair vehicle had lights. The record shows that other vehicles had lights, and the Court is of the opinion that an accident occuring at 6:30 in the morning in late October, on a very foggy morning, that the conditions as shown by the evidence would warrant the use of lights. Mr. Starks at Tr. pages 69 and 70 says that the Trosclair vehicle was stopped and had no lights; that other cars had lights on. The testimony of Mrs. Starks at Tr. page 98 states also that the Trosclair vehicle had no lights and was apparently stopped. Mr. Trosclair has denied that he was stopped, but Trooper E. J. Falgout, testified at Tr. page 113 that Mr. Trosclair told him on the scene that his vehicle was stopped.
The Court is impressed with the testimony of Mr. and Mrs. Starks, and feels that their testimony corroborated by the admission made by Mr. Trosclair to the investigating officer on the scene of the accident that the vehicle was stopped, gives the Court only one conclusion to find, that is that the Trosclair vehicle was stopped.

*690 The Court, therefore, is of the opinion that Mervin Trosclair was also negligent in the operation of his vehicle in not having sufficient lighting on the rear of his vehicle as was required under the conditions existing, and in stopping his vehicle on a main or through travel highway without sufficient cause and without giving proper warning or flares of the presence of said vehicle.
The Court is also of the opinion that this negligence of Mervin Trosclair is imputed to his employer Emmett & Emile Eymard Co. Inc."
We are in accord with this finding of facts by the Trial Judge, and we think that it is entirely warranted by the facts.
We will now take up the exception of no cause or no right of action filed by Eymard based on the theory that Rogers was an employee and the only responsibility it had was liability under Louisiana Workman's Compensation Act, the Longshoreman and Harbor Worker's Act or the Jones Act. However, the Exceptor alleged that the allegation of the third party plaintiff is one in tort. The Lower Court overruled this exception on the grounds that Rogers' claim against Eymard was one of maritime in nature, possibly arising from the provisions of the Jones Act, which would be a claim for the negligence of employee or a claim for unseaworthiness. Exceptor alleged that the obligation of the third party plaintiff was one arising from negligence and the obligation is entirely different and distinct from the obligation of Eymard. The very essence of a seaman against his employer is predicated under the theory of negligence. We believe that possibly Rogers could have sued Eymard under the Jones Act for damages on the theory that the accident happened through the negligence of Trosclair, Eymard's employee. However, our Courts have held that a defendant joined in an action has an independent procedural right to join as a third party defendant, not only an alleged actual co-tort feasor but any other party responsible for the acts or omissions of such tort feasor. This would apply particularly where the plaintiff himself had a substantive right to remedy against such third person who would be vicariously responsible. See LSA-C.C. Article 2103; Smith v. Southern Farm Bureau Casualty Insurance Company, 247 La. 695, 174 So.2d 122; and Hopson v. Texaco Incorporated, 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740.
In this last case, Hopson v. Texaco, Incorporated, the United States Supreme Court held that under the Jones Act, the employer was liable for injuries inflicted on its employees by agents, officers or employers, and held further that third parties were the agents of the employer.
The right of the employer to subrogation has been upheld by the Federal Courts. In the case of The Etna, 3 Cir., 138 F.2d 37 the Court held that the right "to subrogation" attaches under equitable principles where one not acting officiously pays money on account of a legal obligation resting upon him for the imposition whereof another is held pecuniarily responsible. It held further that an acceptance award under Longshoreman's and Harbor Worker's Act would operate as an assignment to the employer of the right of the person entitled to compensation for damages against a third person causing the compensable injury.
The case of Sillanpa v. Cornell Steamboat Company et al., (Supreme Court of Bronx County New York May 18, 1954) 1954 A.M.C. 1189 while not binding on this Court is in point and indicative of the jurisprudence. This case holds that one who negligently injures a seaman is primarily liable for his maintenance and cure. The liability of the seaman's employer is secondary, and his employer may recover expenditures for maintenance and cure from the tort feasor. See also Seely v. City of New York et al., 2 Cir., 24 F.2d 412, The Jefferson Myers, et al. (Peterson v. Steamship Jefferson Myers), 2 Cir., 45 F.2d 162; Mystic Terminal Company v. Thibeault, *691 1 Cir., 108 F.2d 813; Jones v. Waterman Steamship Co., 3 Cir., 155 F.2d 992.
This last case of Jones v. Waterman holds that where a seaman was injured in Pennsylvania on a Pennsylvania pier through negligence of a third person and as a result thereof seaman's employer was required to pay seaman's maintenance and cure employer could recover against third persons if any injury to seaman was caused by such third persons' failure to maintain the pier in such a condition fit for the business for which it was intended, or in other words, negligence.
In view of the maritime nature of the employment of Rogers we believe that the Federal cases are in point, and clearly grant a subrogation to the Eymard Company for the amount paid for maintenance and cure for Rogers.
We might say that under our Louisiana Courts, in the case of Standard Motor Car Company v. State Farm Mutual A. Insurance Company, La.App., 97 So.2d 435 this Court held that although a third party paying the debt of another may not be subrogated to the creditor's rights against the debtor, nevertheless he has the right of reimbursement against the debtor. See LSA-C.C. Art. 2134 and 2161.
Appellant Eymard relies on the case of Philips v. Houston Fire and Casualty Insurance Company, 219 F.Supp. 420 (D.C. W.D.La.1963) and The Federal No. 2, 2 Cir., 21 F.2d 313.
Under the Philips case, supra, it held:
"An employee who is injured while operating within the scope and course of his employer does not have an action in tort against his employer, but rather is limited under Louisiana Workman's Compensation Act or the Jones Act, or under the General Maritime Law based upon unseaworthiness that the employee if recovery is sought against his employer is one who must make the decision as to which type of remedy he will pursue."
However, this case seems to apply where the employee is electing which cause of action he must use against his employer for his injuries. It does not have any bearing that we can see on a subrogation claim by the employer against a third party co-tort feasor for contribution.
The other case Federal No. 2, supra, held that under a contract of employment of a seaman, in view of the law of the flag of the vessel the employer is required to furnish cure for his seamen when injured. He has in the absence of a right of subrogation and contract no cause of action for the expense thereof against one merely negligently causing the injury and not with intent to affect the contract relationship; the negligence being the remote occasion and not the proximate cause of the employer's damage. This rose out of the payment of a hospital bill, and seems to be based on a contract of employment between the seaman and his employer. We fail to see where this case has any bearing on the instant case.
This brings us now to the correctness of the award for damages. The record shows that Rogers was injured on the morning of October 23, 1963 and was hospitalized at the Lady of the Sea Hospital until October 27th. His attending physician, Dr. William S. George, stated that plaintiff had contusions of the right posterior chest and probable compression or fracture of the 11th thoracic vertebra. He further stated that there was a possible slight aggravation of a pre-existing arthritic condition.
Plaintiff was seen by an orthopedist, Dr. G. E. Battalora, Jr. on July 1, 1964. At this time plaintiff was complaining of back injury. Dr. Battalora stated that in his opinion plaintiff had suffered a flexion of injury to the dorsal lumbar spine and possibly a mild compression fracture of the body of D.11. He further stated that the man had extensive limitation in the spinal motion and discomfort and at that time he was not able to return to his employment. He was further examined by Dr. Battalora on November 23, 1964, at which time Dr. *692 Battalora was of the opinion that plaintiff had a permanent injury to his spine somewhere between ten and fifteen percent, but that Rogers at that time was able to return to his employment. Dr. Battalora also found that Rogers had some sort of vascular disease but stated that this condition was not related to the accident in question.
Plaintiff testified to his hospitalization, that he was required to sleep on a board, wore a corset, and suffered with discomfort and pain about his back area. He had not been able to work since the accident.
The Trial Court awarded Rogers $7500.00 for the personal injuries, hospital bill in the amount of $213.70, thirteen months loss of wages at $250.00 a month or $3,250.00, $105.00 bill of Dr. Battalora and $72.00 the bill of Dr. George, or a total of $11,140.70. This amount was later reduced to $10,000.00 within the policy limitations.
We fail to find that the Trial Court has abused his discretion in making these awards and for the foregoing reasons the judgment of the Lower Court is affirmed.
Affirmed.