**Louis A. MAURER, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 236, Docket 81–6021.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 27, 1981.

Decided Dec. 15, 1981.

Paul C. Matthews, New York City, for plaintiff-appellant.

Craig S. English, New York City, Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., John S. Martin, Jr., U. S. Atty., Janis G. Schulmeisters, New York City, for defendant-appellee.

Before MOORE and NEWMAN, Circuit Judges, and TENNEY,* District Judge.

PER CURIAM:

Plaintiff Louis Maurer appeals from a final judgment after a non-jury trial in the Southern District of New York (Abraham D. Sofaer, Judge). Plaintiff, a marine engineer, brought this maritime personal injury action against the United States under the Public Vessels Act, 46 U.S.C. §§ 781–790, alleging that he sustained a disabling back injury as a result of an accident on a United States ship caused by unseaworthy conditions.

In June 1976, Maurer and an assistant, Laner, were repairing a Coffin feed pump in the engine room of the USNS Columbia. During the reassembling of the pump, Maurer and Laner had to replace the cover of the pump, which weighed between 75 and 100 pounds. Maurer and Laner used a rope looped over some pipes to help raise the cover. Laner was holding the end of the rope to keep the cover suspended, and Maurer, squatting on a grating in front of the pump, was guiding the cover into place, when an alarm went off. Laner lost his grip on the rope, causing the full weight of the cover to be thrust upon Maurer, who instinctively held the cover to prevent it from falling. Maurer experienced a tearing sensation in his lower back and complained of lower back pain and radiating pain down his left leg. Although plaintiff continued to experience pain, he was able to continue working for several weeks until his condition deteriorated in September 1976.

The Government contended before the District Court that plaintiff's disability was not caused by the 1976 feed pump accident but by a preexisting degenerative back condition (osteoarthritis) and by an accident in 1975 aboard the USNS American Explorer. In the 1975 accident, Maurer suffered an injury in a fall on a platform and was briefly hospitalized. The Government also argued that Maurer was contributorily neg-ligent in hoisting the pump cover by rope when another technique would have been safer.

The District Court found that the 1976 accident was caused by an unseaworthy condition. The Court then considered whether the plaintiff had sustained his burden of proving that his claimed damages were caused by the accident. On this critical aspect of the case, the Court's findings appear somewhat inconsistent and leave us unable to determine whether the correct standards of law have been applied. The Court stated that Maurer's "debilitated condition that ensued 80 days after the accident was not shown by a preponderance of the evidence to be attributable to the 1976 accident." At the same time, the Court also stated that the accident is "found to have contributed to plaintiff's back condition to the extent of 25%." Thus, the Court appears to have proceeded on some theory of partial causation. The Court calculated Maurer's recovery by first attributing 25% of the damages to the accident and then reducing that 25% by 75%, representing the extent to which the accident was caused by Maurer's contributory negligence. On appeal, Maurer challenges the initial determination that the accident was only a 25% cause of his condition, the further 75% reduction for contributory negligence, and the correctness of the figure for unearned wages. We affirm the determination of the percentage reduction for contributory negligence and the unearned wage calculation, which was based upon an agreement between counsel, but we vacate the judgment and remand for further findings with respect to the primary issue of whether the appellant's condition was caused by the accident.

 It is a settled principle of tort law that when a defendant's wrongful act causes injury, he is fully liable for the resulting damage even though the injured plaintiff had a preexisting condition that made the consequences of the wrongful act more se-

* The Honorable Charles H. Tenney of the United States District Court for the Southern District of New York, sitting by designation.

vere than they would have been for a normal victim. The defendant takes the plaintiff as he finds him. *See, e. g., Evans v. S. J. Groves & Sons Co.,* 315 F.2d 335, 347–48 (2d Cir. 1963) (Friendly, J.); *United States Fidelity & Guaranty Co. v. United States,* 152 F.2d 46, 49 (2d Cir. 1945) (L. Hand, J.); *The Jefferson Myers,* 45 F.2d 162 (2d Cir. 1930) (*per curiam*). A plaintiff's recovery for damages caused by a defendant's wrongful act may not be proportionately reduced because of a preexisting weakness or susceptibility to injury such as an osteoarthritic condition or a weakness caused by a previous injury. *See, e. g., United States Fidelity & Guaranty Co. v. United States, supra* (congenital spine defect); *Buchalski v. Universal Marine Corp.,* 393 F.Supp. 246, 248 (W.D.Wash.1975) (preexisting weakness of lower back from prior injury that had stabilized at a nondisabling level).

[3, 4] However, there are two exceptions to the general rule. First, when a plaintiff is incapacitated or disabled prior to an accident, the defendant is liable only for the additional harm or aggravation that he caused. *Evans v. S. J. Groves & Sons Co., supra,* 315 F.2d at 347. Second, when a plaintiff has a preexisting condition that would inevitably worsen, a defendant causing subsequent injury is entitled to have the plaintiff's damages discounted to reflect the proportion of damages that would have been suffered even in the absence of the subsequent injury, but the burden of proof in such cases is upon the defendant to prove the extent of the damages that the preexisting condition would inevitably have caused. *Id.* at 348.

■ Upon remand, the District Court should make sufficient findings so that these principles can be properly applied. If it is the Court's view that the 1976 accident was the final link in a chain of events causing Maurer's disability, then even though that accident may have been only a 25% cause of the ultimate disability, as the Court stated, the defendant is fully liable (less only reduction for contributory negligence) for having disabled a seaman whose preexisting condition unfortunately made him highly susceptible to becoming disabled from a further injury. The evidence would fully support such a conclusion, and it appears to be consistent with the Court's view that the 1976 accident was a 25% cause of the disability. If it was a cause, even a partial cause, the defendant is fully liable. It is unlikely that the first exception to the general rule applies since it does not appear that Maurer was disabled prior to the 1976 accident. Indeed, he worked as a seaman thereafter. It is possible, however, that the second exception applies, but this would be so only if the Court finds that the defendant has sustained its burden of proving the percentage of Maurer's damages that would inevitably have resulted from Maurer's preexisting condition.

The judgment is vacated and remanded for further proceedings consistent with this opinion. In the event of a subsequent appeal, this panel will retain jurisdiction.