FOIL, Judge.
The sole issue presented on appeal is whether a shipowner is entitled to reimbursement for maintenance and cure payments made to its employee from a third party tortfeasor. We conclude the shipowner is entitled to reimbursement, and affirm.
Gary Leveque, a seaman, was injured in an automobile accident on May 1,1985. He brought this suit against appellants, Holloway’s Propellers, Inc., which employed the driver of the other vehicle, and its insurer, United States Fidelity and Guaranty Company. Leveque’s employer, Cal Dive International, Inc., and its insurer, National Union Fire Insurance Company (Intervenors), intervened in the lawsuit, seeking reimbursement for $8,820.00, the amount it paid to Leveque for maintenance and cure. The trial court found Leveque was injured through the negligence of defendants and also found plaintiff was not negligent. The court also awarded intervenors the amount which they had paid to plaintiff for maintenance and cure. Defendants brought this *397 appeal, contending that, under Louisiana law, an employer of an injured seaman who pays maintenance and cure does not have the right of reimbursement from the tort-feasor. Defendants request this court to overturn its ruling in Rogers v. Stuyvesant Insurance Company of New York, 198 So.2d 685 (La.App. 1st Cir.), writ issued, 251 La. 42, 202 So.2d 655 (1967) (no reported disposition of case by Louisiana Supreme Court).
In Rogers, this court squarely held that an employer may recover expenditures for maintenance and cure from a negligent defendant. We decline appellant’s invitation to overrule Rogers. Accordingly, the judgment of the trial court, awarding inter-venors reimbursement for maintenance and cure payments, is affirmed at appellant’s cost.
AFFIRMED.