Michael L. POPE, Plaintiff–Appellee,

v.

SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY; Union Pacific Rail-
road Company, Defendants–Appellants.

No. 00–15384.

D.C. No. CV–97–00226–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided June 28, 2001.

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

### MEMORANDUM [*]

The District Court granted summary judgment to the plaintiff for his claim that Union Pacific Railroad Company [1] was liable for an injury he sustained while working as a switch operator. The District Court granted summary judgment against Union Pacific on the issue of liability. After a trial, the jury awarded damages to the plaintiff. We affirm.

■ Union Pacific first contends that summary judgment on liability was inappropriate because its witnesses could have presented genuine issues of material fact if their testimony had been admitted. The District Court granted summary judgment on liability because the railroad violated two safety regulations: (1) inadequate fastening in violation of 49 C.F.R. § 213.133(a); and (2) excessive lost motion in violation of 49 C.F.R. § 213.135(e). A finding that the railroad had violated either one is sufficient. Union Pacific contends that there are genuine issues of material fact as to the lost motion claim, but does not challenge the inadequate fastening determination. Because the inadequate fastening violation remains unchallenged, we will not reverse the summary judgment.

■ In addition, with regard to the inadequate fastening issue, the District Court properly excluded the testimony as undisclosed expert testimony. *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir.1988). Expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror." *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1245 (9th Cir. 1997).

■ Union Pacific next contends that the plaintiff would have suffered some of the same problems and symptoms even in the absence of a work-related injury, and thus the jury should have been allowed to assess evidence on the apportionment of damages. Evidence may support a jury instruction on apportionment when the plaintiff's condition would "inevitably worsen," *Maurer v. United States*, 668 F.2d 98, 100 (2d Cir.1981), or when the condition "would probably" have caused the injury at issue, *Sauer v. Burlington N. R.R. Co.*, 106 F.3d 1490, 1495 (10th Cir.1996). Under either standard, Union Pacific's own concessions indicate that a jury instruction on apportionment would not have been warranted. Therefore, the District Court did not err in excluding the apportionment evidence.

■ Finally, Union Pacific argues that the District Court erred in failing to empanel a new jury after the initial jury heard some evidence which was alleged to be prejudicial regarding the plaintiff's cumulative trauma claim. This Court generally accords substantial weight to the ability of the District Court to remedy potential prejudice through limiting instructions. *See, e.g., Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1501 (9th Cir.1986). Generally, to support reversal, the defendant must show that the limiting instructions were insufficient for the jury to compartmentalize the evidence. *United States v. Candoli*, 870 F.2d 496, 510

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pope was originally employed by Southern Pacific Transportation Company. In 1996, Union Pacific purchased Southern Pacific. For convenience, we refer to Appellants as Union Pacific.

(9th Cir.1989). Union Pacific has made no such showing. Therefore, the limiting instructions adequately cured any possible prejudice.

AFFIRMED.