# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yvette D. Blassingame, : 
               Petitioner : 
   : 
       v. : No. 355 C.D. 2018
   : Submitted: July 27, 2018
Workers' Compensation Appeal : 
Board (Sovereign Security LLC), : 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: August 28, 2018**

Yvette D. Blassingame (Claimant), currently representing herself, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of Workers' Compensation Judge Sarah Makin (WCJ) granting Claimant's claim petition in part and denying Claimant's penalty petition. The WCJ determined Claimant sustained a work-related right knee contusion and awarded her total disability benefits for the closed period of March 14 through June 30, 2016. Claimant contends the Board erred in affirming the WCJ's denial of her penalty petition. Claimant also asserts the WCJ erred in accepting the medical evidence of her employer, Sovereign Security, LLC (Employer), and determining that her claimed injuries to her left wrist, left shoulder, left hip and lower back were non-compensable, preexisting injuries or conditions. Upon review, we affirm.

# I. Background

Claimant worked for Employer as an armed security guard. As part of her job duties, Claimant went to different facilities to ensure all of the doors were secure. Claimant also observed automatic teller machines being fixed. Additionally, she worked at several Philadelphia Housing Authority (Housing Authority) facilities. As an armed guard, Claimant wore a bulletproof vest and carried equipment including a gun, ammunition clips, handcuffs and a baton.

On March 14, 2016, Claimant was seated in a moveable office chair at the security desk. She rolled the chair back to put something into the trash and the chair got caught on a floor tile and flipped over. This caused Claimant to bang her left side and right knee on the floor. Claimant felt immediate pain and a knot in her knee. She recorded the incident and called her supervisor, Brett Treat (Supervisor).

After finishing her shift, Claimant went to Mercy Fitzgerald Hospital and received treatment for her *knee*. The hospital's medical personnel took X-rays of Claimant's right knee and provided her with a knee brace. The next day, Claimant spoke with Supervisor, who told her to go to WorkNet at Hahnemann Hospital. WorkNet took additional X-rays and referred Claimant to therapy.

In April 2016, Claimant filed a claim petition alleging she sustained injuries to her right knee, left wrist, left shoulder, left hip and lower back as a result of her fall. Claimant sought ongoing total disability benefits from the date of the injury. Employer filed an answer denying Claimant's material allegations. In addition, Claimant filed a penalty petition alleging Employer violated Section 406.1

2

of the Workers' Compensation Act[1] (Act) by not filing the appropriate documents despite having notice of the alleged work injury. In May 2016, Employer issued a notice of compensation denial (NCD) alleging Claimant did not sustain work-related injuries to her right knee, left shoulder, left hip and back.

Before the WCJ, Claimant testified that while working for Employer on March 14, 2016, she pushed her chair back from the security desk and the chair tipped over. Claimant fell on her left side and her right knee hit the floor. After the fall, Claimant felt pain and a knot in her right knee. Claimant reported the incident to Supervisor and finished her shift. Thereafter, Claimant sought treatment at a hospital emergency room.

Claimant did not believe she could return to her pre-injury job. As an armed guard, Claimant wore a bulletproof vest and a belt holding her gun, handcuffs and a baton. Claimant continued to experience pain and stiffness in her left shoulder, swelling and pain in her left wrist, swelling and throbbing pain in her right knee, pain in her left hip, and throbbing pain in her lower back. Therefore, Claimant believed she could not handle wearing her heavy pre-injury uniform or standing for half of her shift as required.

Further, Claimant acknowledged being involved in vehicle accidents in 2000 and 2004. These accidents caused injuries to her neck and lower back. However, Claimant testified she last treated for these injuries in 2004. Following her work injury, Claimant continued to receive chiropractic treatment three times a

---

[1] Act of June 2, 1915, P.L. 736, as amended, added by the Act February 8, 1972, P.L. 25, 77 P.S. §717.1

week and acupuncture treatment two days a week. However, Claimant experienced no lasting improvement.

Claimant also submitted the deposition testimony of Dr. Dennis Ivill (Claimant's Physician), a physician board certified in physical medicine and rehabilitation. He diagnosed Claimant's work injury as right knee, left shoulder, lumbosacral spine, and left wrist sprains/strains with contusion; L2-3 and L4-5 disc herniations; L3-4 and L5-S1 disc protrusions; aggravation of preexisting right knee degenerative changes; left wrist extensor carpi ulnaris; extensor carpi radialis brevis and longus peritendinitis; left shoulder bicipital peritendinitis; aggravation of preexisting acromioclavicular joint arthritis; L4 and S1 radiculopathies; and chronic pain syndrome. The doctor opined that Claimant did not fully recover from her work injuries and was not capable of performing any kind of work.

In opposition to Claimant's petitions, Employer submitted the deposition testimony of Supervisor, an account manager for Employer, which manages security operations for the Housing Authority. Supervisor testified Employer required Claimant to wear a uniform, a belt and a firearm. Claimant could wear a bulletproof vest. Supervisor estimated the weight of the belt and weapon as approximately 20 pounds. Supervisor also estimated the weight of the vest as 5 to 20 pounds. Supervisor recalled Claimant reporting her fall and right knee injury. Claimant also informed him that she would finish her shift. Supervisor never offered Claimant a modified-duty position because he never received medical clearance for Claimant to return to work in any capacity.

Employer also submitted the hospital records of Claimant's admission to Hahnemann Hospital the day after her injury. These records indicate Claimant complained only of right knee pain. The records include a diagnosis of a right knee contusion.

In addition, Employer submitted the deposition testimony of Dr. Armando Mendez (IME Physician), a board-certified orthopedic surgeon who performed an independent medical evaluation (IME) of Claimant. IME Physician opined Claimant sustained a right knee contusion causally related to her fall at work. IME Physician further testified Claimant's complaints regarding her left shoulder, left hip, left wrist, and lumbar spine were not related to her work injury. Rather, multiple diagnostic studies indicated preexisting degenerative changes and injuries in these areas. Therefore, IME Physician opined Claimant fully recovered as of the date of his June 30, 2016, examination. The doctor further opined that Claimant could return to her pre-injury job as of that date.

In reviewing the evidence, the WCJ found Claimant's testimony credible in part. WCJ's Op., 2/21/17, Finding of Fact (F.F.) No. 22. The WCJ accepted Claimant's testimony that she sustained a right knee contusion as a result of her fall at work. The WCJ noted that hospital documents indicated Claimant's emergency room complaints were limited to her right knee. Id. The WCJ also found Claimant's testimony regarding her pain levels internally inconsistent. Id. At the emergency room, Claimant indicated the pain level in her knee was 6 out of 10. However, after her treatment, which Claimant indicated helped her, the pain level in her knee rose to 8 out of 10. Id. Based on IME Physician's opinion of full recovery,

the WCJ limited Claimant's total disability benefits to the closed period of March 14 to June 30, 2016. F.F. Nos. 16, 22.

Further, based on Claimant's hearing testimony, the WCJ specifically rejected Claimant's testimony that she remained disabled because of injuries to various other body parts, including her left shoulder, left wrist, left hip and lower back. F.F. No. 22. In particular, the WCJ rejected Claimant's testimony that she continued to suffer pain from these injuries at a level of 7, 8 or 9 out of 10. Id. In addition, the WCJ noted that Claimant's testimony regarding these other injuries was inconsistent with the emergency room records and Claimant's emergency room complaints, which did not mention these injuries. Id.

The WCJ also rejected Claimant's testimony that she wore 90 pounds of equipment while performing her pre-injury armed guard position. Id. Rather, the WCJ credited Supervisor's testimony that Claimant's equipment weighed approximately 25-40 pounds. F.F. Nos. 17, 22.

As to the medical evidence submitted, the WCJ found IME Physician's testimony and opinions more consistent with the medical records than that of Claimant's Physician. F.F. No. 23. Consequently, the WCJ accepted IME Physician's opinions as fact and rejected Claimant's Physician's opinions to the contrary as not credible. Id. In particular, the WCJ noted Claimant's emergency room treatment records, and Claimant's Physician's statement that "Claimant's right knee injury was not significant enough to have been drained," corroborated IME Physician's opinions as to Claimant's right knee contusion. Id.

6

The WCJ further indicated that he rejected Claimant's Physician's other injury diagnoses because the doctor offered no explanation as to why all the other injuries were traumatic given the fact that they were present to a lesser degenerative degree in a 2009 MRI of Claimant's lumbar spine. Id. In addition, the WCJ observed, although Claimant's Physician and another doctor treated Claimant four to five times a week, such treatment produced no improvement in Claimant's condition. Id. The WCJ found that this fact "speaks to the exaggeration of Claimant's condition by Claimant and [her Physician]." Id.

Based on his review of the evidence, the WCJ also determined Claimant failed to establish Employer violated the Act. F.F. No. 25. In particular, the WCJ noted, given the breadth of Claimant's asserted work injury, Employer's issuance of an NCD did not form the basis for a penalty. Id. Therefore, the WCJ denied Claimant's penalty petition. Id.

Based on her findings, the WCJ determined Claimant met her burden of proving she suffered a work-related right knee contusion that rendered her totally disabled from March 14 to June 30, 2016. WCJ's Op., Conclusion of Law (C.L.) Nos. 2 and 3. Thus, the WCJ granted her claim petition in part. The WCJ also directed Employer to pay Claimant's medical expenses for that closed period. C.L. No. 4. Further, the WCJ awarded Claimant 10% interest on all past due compensation. C.L. No. 5. However, the WCJ denied Claimant's penalty petition. C.L. No. 8.

On appeal, the Board affirmed. In its decision, the Board recognized that in her claim petition Claimant had the burden to establish the duration of her disability. Innovative Spaces v. Workmen's Comp. Appeal Bd. (D'Angelis), 646 A.2d 51 (Pa. Cmwlth. 1984). To that end, the Board determined the WCJ's findings and award of total disability benefits for a closed period were supported by substantial evidence.[2] Claimant petitions for review.[3]

## II. Issues

Claimant presents two issues for our review. First, she contends the WCJ erred in finding Employer did not violate the Act. Claimant also asserts the WCJ erred in accepting IME Physician's testimony that her work-related injuries were limited to a right knee contusion.

---

[2] The Board also dismissed Claimant's contention of ineffective representation by her counsel before the WCJ. Claimant asserted her counsel failed to introduce all of the evidence in her case and failed to effectively plead her case. See Bd. Op. at 6 n.2. In rejecting Claimant's contention and denying her a rehearing, the Board reasoned that the items of evidence Claimant alleged should have been submitted into evidence did not reflect any dereliction of duty or negligence on the part of Claimant's counsel. Id. Rather, the Board found the exclusion of these items consistent with counsel's litigation strategy. Finding no evidence that Claimant's counsel was otherwise ineffective, the Board explained that the case "came down to a question of which witnesses the WCJ found more credible, rather than any patent evidentiary or other alleged professional errors made by counsel." Id. (emphasis added). Claimant does not raise this issue on appeal to this Court.

[3] Our review in a workers' compensation appeal is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.), 176 A.3d 1045 (Pa. Cmwlth. 2018) (en banc).

## III. Discussion

## A. Penalty Petition

Claimant first contends the Board erred in determining that she failed to meet her burden of proving Employer violated the provisions of the Act. Claimant asserts Employer willfully and deliberately tried to deceive her, her health care providers and this Court through misrepresentations and lies.

Claimant did not raise this issue either in her appeal to the Board or in her petition for review to this Court. Therefore, the Board did not address this issue. Issues not raised in an appeal to the Board may not be raised for the first time before this Court. Starr Aviation v. Workers' Comp. Appeal Bd. (Colquitt), 155 A.3d 1156 (Pa. Cmwlth. 2017); Marx v. Workers' Comp. Appeal Bd. (United Parcel Serv.), 990 A.2d 107 (Pa. Cmwlth. 2010). Therefore, Claimant waived her challenge to the denial of her penalty petition.

Regardless of waiver, we discern no error or abuse of discretion in the WCJ's denial of Claimant's penalty petition. In Finding of Fact No. 25, the WCJ stated (with emphasis added):

> This Judge has reviewed the evidence with regard to Claimant's request for a penalty. This Judge does not find that Claimant supported her request for a penalty and finds no violation of the Act. Employer's issuance of an [NCD] given the breadth of injury claimed by Claimant does not form a basis for a penalty.

F.F. No. 25.

9

Section 435(d)(i) of the Act[4] provides that an employer may be penalized 10% of the amount awarded for its failure to comply with the Act. 77 P.S. §991(d)(i). However, a penalty may be increased to 50% in cases of unreasonable or excessive delays. Id. A claimant who files a penalty petition must meet her initial burden of proving a violation of the Act occurred. City of Philadelphia v. Workers' Compensation Appeal Board (Andrews), 948 A.2d 221 (Pa. Cmwlth. 2008). The burden then shifts to the employer to show it did not violate the Act. Id. The decisions to impose a penalty and determine the amount of the penalty are within the WCJ's discretion. Id. Therefore, a WCJ's decision regarding penalties will not be disturbed on appeal absent an abuse of discretion. Id.

Here, the WCJ determined Claimant did not prove Employer violated the Act or engaged in an unreasonable or excessive delay in issuing its NCD, given the breadth of the work injury Claimant alleged in her claim petition. F.F. No. 25; C.L. No. 8. Claimant's hospital records at the time of her work injury reflect only a right knee injury. Further, Employer's other medical evidence also supports the WCJ's denial of the penalty petition. In short, despite her allegations of multiple injuries to various parts of her body, Claimant established only that she sustained a right knee contusion as a result of her fall at work. Thus, given Claimant's allegations of multiple injuries to various body parts other than her right knee, Employer acted reasonably in issuing an NCD. See Gumm v. Workers' Compensation Appeal Board (J. Allan Steel), 942 A.2d 222 (Pa. Cmwlth. 2008) (an employer properly used NCD to controvert a claimant's claim on the basis that his disability did not result from his work injury, but rather a preexisting injury).

---

[4] Added by the Act of February 8, 1972, P.L. 25, as amended.

Therefore, we detect no abuse of discretion in the WCJ's refusal to award penalties to Claimant.  <u>Id.</u>

## B. Medical Evidence; Aggravation

Claimant also contends the WCJ erred in accepting IME Physician's opinion of full recovery as fact and rejecting Claimant's Physician's testimony to the contrary.  Essentially, Claimant asserts that in addition to her right knee contusion, her work injury aggravated other preexisting injuries or conditions.  In support of her position, Claimant cites several federal appeals court decisions for the proposition that a plaintiff's recovery may not be proportionally reduced because of the plaintiff's preexisting condition or susceptibility to injury caused by a degenerative condition or preexisting injury. <u>See</u>, <u>e.g.</u>, <u>Maurer v. United States</u>, 668 F.2d 98 (2d Cir. 1981); <u>Evans v. S.J. Groves & Sons Co.</u>, 315 F.2d 335 (2d Cir. 1963); <u>U.S. Fid. & Guar. Co. v. United States</u>, 152 F.2d 46 (2d Cir. 1945).  In short, Claimant argues the WCJ failed to apply the "eggshell-skull principle," which generally provides that a tortfeasor takes the victim as he finds him and is consequently liable for the full extent of the injury that his conduct caused.  <u>See</u> <u>Meyer v. Union R. Co.</u>, 865 A.2d 857, 863 (Pa. Super. 2004).

In addition, Claimant appears to rely on our decision in <u>Protz v. Workers' Compensation Appeal Board (Derry Area School District)</u>, 124 A.3d 406 (Pa. Cmwlth. 2015) (<u>Protz I</u>), and our Supreme Court's decision in <u>Protz v. Workers' Compensation Appeal Board (Derry Area School District)</u>, 161 A.3d 827 (Pa. 2017) (<u>Protz II</u>), which affirmed <u>Protz I</u> in part and reversed it in part.  Essentially,

Claimant asserts the Protz decisions rendered IME Physician's evaluation and opinions void.

We first address Claimant's argument that the WCJ erred by accepting IME Physician's medical opinion of full recovery as fact and rejecting Claimant's Physician's testimony to the contrary. Again, we recognize Claimant did not raise this issue in her appeal to the Board. Therefore, it must be considered waived. Starr Aviation; Marx.

Moreover, Claimant's contentions lack merit. Claimant asserts the WCJ erred by failing to credit her medical evidence that she remained disabled by her March 2016 work injury, which not only caused her right knee injury, but also aggravated preexisting conditions in her left shoulder, left wrist, left hip and lower back.

"A work related aggravation of a non-work related preexisting condition is an 'injury' within the meaning of the Act." Vasquez v. Workmen's Comp. Appeal Bd. (Masonite Corp.), 687 A.2d 66, 69 (Pa. Cmwlth. 1996) (citing Pawlosky v. Workmen's Comp. Appeal Bd. (Masonite Corp.), 525 A.2d 1204 (Pa. 1987)). However, a claimant with a non-work related preexisting condition, although disabled from work because of this condition, is not entitled to benefits where the workplace did not aggravate or cause the condition. Vasquez (citing Schneider, Inc. v. Workmen's Comp. Appeal Bd. (Dobbin), 664 A.2d 232 (Pa. Cmwlth. 1995)).

12

Here, the WCJ accepted as fact IME Physician's opinion that Claimant's work injury consisted of only a right knee contusion that fully resolved by June 2016. F.F. Nos. 16, 23. These findings are supported by IME Physician's testimony. See Dep. of Dr. Armando Mendez, 10/3/16, at 23-26.

Furthermore, the WCJ rejected Claimant's Physician's testimony to the contrary as not credible. F.F. No. 23. In particular, the WCJ stated Claimant's Physician offered no credible or competent explanation as to why Claimant's other alleged injuries were traumatic because they were present to a lesser degree on a 2009 MRI. Id. The WCJ found Claimant's Physician exaggerated the scope of Claimant's condition. Id.

As the ultimate fact-finder in workers' compensation cases, the WCJ has exclusive province over questions of credibility and evidentiary weight. A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233 (Pa. Cmwlth. 2013). As such, the WCJ may accept or reject the testimony of a witness, including an expert witness, in whole or in part. Id.

Further, it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made. Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53 (Pa. Cmwlth. 2014). We examine the record in its entirety to see if it contains evidence a reasonable person would find sufficient to support the WCJ's findings. Id. If the record contains such evidence, the WCJ's findings must be upheld. Id. In addition, we must view the evidence in the light

13

most favorable to the prevailing party and give that party the benefit of all inferences reasonably deducible from the evidence. Id.

In sum, the WCJ's findings and conclusions that Claimant's work injury consisted only of a right knee contusion that fully resolved as of June 30, 2016, are supported by substantial competent medical evidence. Although Claimant's Physician testified that Claimant's work injury resulted in other injuries, the WCJ rejected that testimony as not credible. F.F. No. 23. The WCJ acted within her authority in making these determinations. Furnari; A & J Builders. As such, Claimant's contention that she remained disabled as a result of an aggravation of preexisting conditions fails. Vasquez.

Finally, we address Claimant's contention that Protz I and Protz II render IME Physician's testimony and opinions void. We believe Claimant, as a layperson, may have confused IMEs with impairment rating evaluations (IREs). The Protz decisions addressed the constitutionality of Section 306(a.2) of the Act,[5] 77 P.S. §511.2, which provided for IREs to assess a claimant's disability status as either total or partial based on the percentage of impairment (impairment rating under 50% construed as partial disability).

In Protz I, we determined that a portion of Section 306(a.2) amounted to an unconstitutional delegation of legislative power. On appeal, the Supreme Court declared the entirety of Section 306(a.2) an unconstitutional delegation of legislative power. See Protz II, 161 A.3d at 841.

---

[5] Added by the Act of June 24, 1996, P.L. 350.

The Protz decisions, however, do not in any manner prohibit an employer's use of independent medical evaluations (IMEs) to physically examine a claimant in order to determine the nature of her work injury and whether she is disabled. To that end, Section 314 of the Act, 77 P.S. §651, provides for the use of an IME to assess the extent of a claimant's injuries. Cent. Dauphin Sch. Dist. v. Workers' Compensation Appeal Board (Siler), 909 A.2d 465 (Pa. 2006). Moreover, a claimant must cooperate in an IME. Id.

In sum, Protz II held the IRE provisions of Section 306(a.2), used to determine a claimant's disability status as total or partial, are unconstitutional. However, Protz II bears no relation to IMEs authorized by Section 314 of the Act, which may be used to assess the extent of a claimant's injuries. As such, Claimant's reliance on the Protz decisions to invalidate her IME is misplaced.

As a final note, it appears that Claimant discusses the elements of a retaliation claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101-12213. See Pet'r's Br. at 13. However, Claimant did not raise an ADA issue before the WCJ, or in her appeal to the Board, or in her petition for review here. Accordingly, this issue is waived. See Marx (claimant's ADA claim waived because she failed to raise it before the government unit).

## IV. Conclusion

For the above reasons, we discern no error or abuse of discretion by the WCJ in granting Claimant's claim petition for a closed period as to a right knee

15

contusion and denying her penalty petition.  Therefore, we affirm the order of the Board.


_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yvette D. Blassingame,                                    :
                                    Petitioner      :
                                                   :
            v.                                      :    No. 355 C.D. 2018
                                                   :
Workers' Compensation Appeal                       :
Board (Sovereign Security LLC),                    :
                                    Respondent     :

# **O R D E R**

     **AND NOW**, this 28th day of August, 2018, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                          _____
                          ROBERT SIMPSON, Judge