632 A.2d 617

### CYCLOPS CORPORATION/SAWHILL TUBULAR DIVISION, Petitioner,

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (PAULSEN), Respondent.

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Sept. 30, 1993.

Reargument Denied Nov. 17, 1993.

596

Jeffrey T. Barbour, for petitioner.

Daniel K. Bricmont, for respondent.

Before COLINS, Judge, KELLEY, J. (P.), and LORD, Senior Judge.

KELLEY, Judge.

The issue before this court on appeal is whether the Workmen's Compensation Appeal Board (board) erred in affirming a referee's decision that an employer had a duty to find alternative employment for a claimant that would not aggravate claimant's non-disabling work-related pneumoconiosis when it has been established that the claimant was totally disabled due to a non-work-related condition.

Cyclops Corporation/Sawhill Tubular Division (employer) appeals from an order of the board which affirmed a referee's decision granting William Paulsen (claimant) benefits because employer failed to find claimant alternative employment that would not aggravate claimant's non-disabling work-related pneumoconiosis. We reverse.

On June 16, 1986, claimant filed a claim petition against employer alleging that he became totally disabled on January 8, 1986, by mixed dust pneumoconiosis as a result of exposure

to dust and fumes during the course of his employment with employer as a furnace operator. Employer filed a timely and responsive answer denying the claim petition. After a hearing, Referee Morrison made the following relevant findings of fact:

3. That the claimant is currently 54 years of age, having been born April 5, 1934. Claimant is married with no dependent children.

4. That the claimant was employed by the defendant, in various jobs, since September 22, 1954. Claimant last worked as a furnace operator with an average weekly wage of $553.44. On August 18, 1982 claimant left the defendant's employ and has not worked at any job since that time.

. . . .

6. That the claimant testified that he performed the jobs of deburr operator, pressure tester, chipper, material handler, bench operator, furnace operator, swager and square mill saw operator during his employment with the defendant. Claimant stated that the job of furnace operator exposed him constantly to smoke, dust, and fumes. During the time claimant worked, he helped to move bricks that had been torn out of a furnace, however, claimant stated this job only lasted two weeks. Claimant testified that while he was a swage operator he was exposed to fumes from the nearby pickling area. Also, claimant stated that as a square mill saw operator, he was exposed to heavy amounts of dust requiring the wearing of a paper mask.

7. That claimant made no mention during his testimony of any exposure to asbestos.

8. That the claimant admitted to smoking up to 2 packs of cigarettes per day from age 16 or 17 until 1986.

. . . .

10. That the defendant presented, by deposition, the testimony of Howard Ferringer, defendant's plant superintendent and an employee, since 1955. Mr. Ferringer disput-

ed several of the claimant's statements concerning his working conditions. Mr. Ferringer stated that the claimant operated two furnaces, one with an efficient ventilation system, the other with a less effective system. However, both furnaces did ventilate smoke produced in the furnaces away from the operators. Mr. Ferringer admitted that some smoke escaped the system. As for exposure to pickling fumes, Mr. Ferringer testified that the pickling area was separated by a wall and that fumes were vented off before they reach the swager area. He admitted one could smell some odors in the pickling area. Mr. Ferringer admitted that a square mill saw operator's job was a dusty one. Your Referee finds Mr. Ferringer to be more credible than the claimant in describing the plant's working conditions.

11. That the claimant has a history of hospitalization for breathing problems dating back to 1975.

12. That the claimant presented the testimony of David Laman, M.D., who is Board Certified in Pulmonary Disease and a "B" reader. Dr. Laman examined the claimant on January 8, 1986. The claimant gave the doctor a history of dust and smoke exposure while employed as a furnace operator, of exposure to pickling fumes and occasional exposure to asbestos.

13. That without reviewing any of the claimant's prior medical records, Dr. Laman's examination included a chest x-ray he interpreted as 1/0 s, t at two zones. Pulmonary function tests revealed a severe obstructive disability (FEV 1 only. 79 liters), and blood gases showed severe hypoxemia. Claimant's x-rays also showed what Dr. Laman read as pleural thickening caused by asbestos exposure. Despite claimant's history of pneumonia, Dr. Laman denied that it contributed to the thickening seen. The Doctor opined that the claimant has chronic obstructive pulmonary disease and hypoxemia caused by cigarettes, mixed dust pneumoconiosis caused by claimant's exposure to dust-like substances during his employment, and pleural thickening caused by asbestos

exposure at work. Dr. Laman opined that mixed dust pneumoconiosis occurs substantially more often in claimant's occupation and that the mixed dust pneumoconiosis alone would prevent the claimant from performing his job due to a pulmonary disability. Dr. Laman admitted he based his opinions of causation upon the claimant's own statements concerning his exposure to certain materials.

14. That the defendant presented, by deposition, the testimony of C. Vaughn Strimlan, M.D., Board Certified in Internal Medicine and Pulmonary Diseases. He examined the claimant on April 28, 1987 and reviewed past medical records. Dr. Strimlan opined the claimant suffered severe obstructive pulmonary disease caused by smoking cigarettes, (emphysema). Dr. Strimlan opined the claimant's pleural thickening was related to pneumonia. He saw no signs of asbestos exposure. Dr. Strimlan opined the claimant is totally disabled by the emphysema and a heart condition, not by any pneumoconiotic disease. He did admit the claimant exhibited x-ray signs of simple pneumoconiosis and that this could contribute to the smoking induced pulmonary disability. In addition, the doctor stated exposure to occupational smoke and fumes could aggravate claimant's disability. Your Referee finds Dr. Strimlan to be credible.

. . . .

17. That your Referee finds as fact that the evidence presented establishes that the claimant was exposed to various substances in the course of his employment which caused him to develop simple mixed dust pneumoconiosis.

18. That your Referee finds the testimony of Dr. Strimlan more credible than Dr. Laman's in establishing as fact that the claimant is totally disabled by cigarette induced obstructive pulmonary disease and not pneumoconiosis.

Therefore, Referee Morrison concluded that claimant failed to present substantial, competent, credible evidence to meet the burden of proof necessary to establish he was entitled to compensation for a disability caused by a work-related occupational disease. Relying on *Pawlosky v. Workmen's Compen-*

*sation Appeal Board,* 514 Pa. 450, 525 A.2d 1204 (1987) and *Farguhar v. Workmen's Compensation Appeal Board (Corning Glass),* 515 Pa. 315, 528 A.2d 580 (1987), Claimant appealed Referee Morrison's decision to the board alleging that the referee failed to make findings on the aggravation of claimant's underlying pneumoconiosis and lung disease if claimant returned to work.

The board reversed Referee Morrison's decision and remanded the case to the referee to make a finding of fact as to whether claimant's further exposure to dusts and fumes would aggravate or accelerate claimant's underlying pulmonary condition if he were to return to his former position with employer.

On remand, the case was reassigned from Referee Morrison to Referee Oliver. No additional testimony was taken in the case following remand although employer submitted a second deposition of Howard Ferringer and claimant presented a copy of a death certificate indicating that claimant died on January 6, 1989.

Referee Oliver reaffirmed each of the findings of fact made by Referee Morrison. In addition, Referee Oliver made the following findings of fact:

6. Since claimant last worked for the employer in 1982, more efficient exhaust systems have been installed and employees working as furnace operators are exposed to less dust and fumes than in the past.

7. Not all smoke or smog or particulate matter discharged by the furnace is removed from the atmosphere by the improved exhaust systems, and the job of furnace operator is still a dusty one.

8. The employer never offered claimant a job in an environment which was free of dust and smoke.

Based on the findings of Referee Morrison and his own findings, Referee Oliver concluded that (1) claimant's exposure to occupational smoke and fumes could aggravate claimant's condition; and (2) employer had a duty to find alternative employment for claimant that would not aggravate his work-

related pneumoconiosis condition. In addition, Referee Oliver concluded that the fact that claimant was totally disabled from emphysema caused by cigarette smoking did not relieve employer from the obligation to find alternative work for claimant which would not aggravate his work-related pneumoconiosis.

■ Accordingly, Referee Oliver granted claimant worker's compensation disability benefits from January 2, 1986 through the date of claimant's death, January 6, 1989. Employer appealed Referee Oliver's decision to the board which affirmed the referee. It is from that decision that employer now appeals to this court.[1]

■ Employer argues that our Supreme Court's decisions in *Pawlosky* and *Farguhar* are inapplicable to the instant case, because neither testifying physician presented an unequivocal opinion that claimant's return to work would aggravate his lung condition.

In *Pawlosky*, the employer's medical witness testified that Mr. Pawlosky's underlying respiratory malady had been caused by the heavy smoking of cigarettes over a period of many years, and did not result from any job-related exposure. *Pawlosky*, 514 Pa. at 453, 525 A.2d at 1206. However, employer's medical witness also testified that Mr. Pawlosky's condition would be aggravated or irritated by the chemicals at his place of employment and that Mr. Pawlosky should not return to such an environment. *Id.* The referee accepted the testimony of employer's medical witness as credible and found that Mr. Pawlosky's condition was aggravated by fumes in the work place. *Id.* The Supreme Court held that based on the record evidence and the referee's factual findings with respect thereto, Mr. Pawlosky proved all that was necessary to entitle him to an award of workmen's compensation. *Id.* at 462, 525 A.2d at 1211.

---

1. This court's scope of review is to determine if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

In *Farguhar*, the Supreme Court found as unequivocal the uncontradicted testimony of the only medical witness that claimant's return to her previous position as screen maker would be like playing Russian Roulette because of the nature of claimant's condition. *Farguhar*, 515 Pa. at 327–330, 528 A.2d at 586–588.

 Unlike *Pawlosky* and *Farguhar*, there is no finding or unequivocal medical testimony in this case that states that claimant's return to his previous position as furnace operator would aggravate his non-disabling pneumoconiosis.[2] In this case, Referee Morrison found credible the testimony of employer's medical witness, Dr. Strimlan, that claimant was totally disabled by cigarette induced obstructive pulmonary disease and not pneumoconiosis.[3] (Finding of Fact No. 18.) Referee Morrison also found credible the testimony of Dr. Strimlan that occupational smoke and fumes could aggravate claimant's *disability*. (Finding of Fact No. 14; emphasis added.) Referee Morrison did not find that exposure to occupational smoke and fumes could aggravate claimant's non-disabling pneumoconiosis.

Dr. Strimlan testified on cross examination as follows:

Q. Doctor, if Mr. Paulsen were able to return to work and would be exposed to those various dusts and fumes that he described to you, would you agree that on the basis of his condition when you examined him that his underlying pulmonary diseases would be aggravated by those exposures?

2. The determination of whether testimony is equivocal is a question of law, subject to review by this court. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). Expert testimony must be viewed in its entirety to determine if it expresses the unequivocality required to be competent evidence. *Kraushaar v. Workmen's Compensation Appeal Board (Doors, Inc.)*, 142 Pa.Commonwealth Ct. 69, 596 A.2d 1233 (1991).

3. The referee is the judge of credibility and it is within the referee's province to accept or reject any testimony of any witness, including medical witnesses. *Gateway Coal Company v. Workmen's Compensation Appeal Board (Laboda)*, 138 Pa.Commonwealth Ct. 332, 588 A.2d 73, *petition for allowance of appeal denied*, 528 Pa. 633, 598 A.2d 286 (1991).

A. I would say that's probable, yes.

Reproduced Record at 259(a).

■ Dr. Strimlan did not testify unequivocally that exposure to occupational fumes and smoke would aggravate claimant's non-disabling pneumoconiosis. Dr. Strimlan testified that it was probable that claimant's underlying pulmonary diseases would be aggravated by those exposures. If a medical expert's testimony is less than positive or is based on possibilities, it does not constitute unequivocal testimony. *Haney v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 461, 442 A.2d 1223 (1982).

On remand, Referee Oliver reaffirmed the findings of Referee Morrison. However, Referee Oliver's conclusions based on Referee Morrison's findings of fact were erroneous. Referee Morrison found that claimant was totally disabled due to a non-work-related pulmonary disease; that claimant was not disabled as a result of simple mixed dust pneumoconiosis; and that exposure to occupational fumes or smoke could aggravate claimant's *disability*. Referee Morrison did not find that such exposure would aggravate claimant's non-disabling work-related pneumoconiosis and there is no unequivocal record testimony which would support such a finding.

Therefore, this court holds that an employer should not be burdened with the duty of offering alternative work to a claimant found to be totally disabled due to a non-work-related injury without a specific finding based on unequivocal medical testimony that a return to a previous work environment would result in an aggravation of any non-disabling work-related injury.

Accordingly, the board's decision and order are reversed.

## ORDER

NOW, this 30th day of September, 1993, the order of the Workmen's Compensation Appeal Board, dated September 4, 1992, at No. A91–0830, is hereby reversed.