**SCHNEIDER, INC. and Continental Risk Management Services, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DOBBIN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1995.
Decided Aug. 29, 1995.

---

(Claimant) based on its determination that Claimant could not return to work because his job would aggravate his pulmonary disease.[1]

In April of 1986, Claimant filed individual claim petitions against five former employers alleging that as of February 3, 1986, he became totally disabled due to the occupational disease of "chronic obstructive lung disease substantially and significantly aggravated from exposure to welding fumes, fly ash, silica and coal dust." (Reproduced Record 4a). As a boilermaker welder, Claimant contended he had been constantly exposed to dust and fumes. His longest exposure was with Employer ending in March of 1985. During the proceedings on the consolidated claim petitions, Claimant amended his petitions to include a claim for asbestosis and for an aggravation of a pre-existing condition.[2]

For medical evidence of his disability, Claimant presented the medical testimony of Dr. Michael E. Wald and Dr. William J. McMahon. Dr. Wald testified that Claimant suffered from chronic bronchitis and emphysema but not from asbestos-related diseases. Dr. Wald opined that Claimant's lung disease was caused by smoking but was aggravated and accelerated by long term exposure to dust and fumes in his work. Dr. McMahon also diagnosed Claimant with emphysema. Although acknowledging that he was not an expert on disability, he stated that it would be contraindicated for Claimant to be further exposed to asbestos.

To counter Claimant's medical evidence, Employer presented the medical testimony of Dr. Peter Kaplan, who testified that Claimant suffered from emphysema and chronic bronchitis but not from pneumoconiosis nor asbestos. Dr. Kaplan stated that Claimant's work exposure had no bearing on the development of his emphysema and that any impairment was solely related to his smoking-related emphysema.

P. Ronald Cooper and S. Todd Renner, for petitioners.

David W. Costello, for respondent.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Schneider, Inc. (Employer) and Continental Risk Management Services petition for review of the order of the Worker's Compensation Appeal Board (Board) granting compensation benefits to Francis J. Dobbin

1. Claimant was precluded from filing a respondent's brief by order of this court dated July 14, 1995.

2. The defendants also joined Songer Construction Company, Claimant's last employer. The referee found that Songer Construction Company was a clean work environment, accepting Songer's witness as more credible than Claimant or Claimant's witness. Accordingly, the claim against Songer was dismissed.

Relying on the testimony of Dr. Kaplan, the referee dismissed the claim petitions finding that Claimant was not disabled due to any occupational disease or an aggravation of a pre-existing condition, but rather was disabled due to emphysema and chronic bronchitis related to smoking. On appeal, by order of March 15, 1990, the Board reversed and remanded the case for the taking of additional evidence on whether there is an asbestos-free environment [3] to which Claimant could return to work. The Board stated that the referee failed to address whether exposure in his work to further dust and asbestos would preclude Claimant from performing his job, citing the principle in *Lash v. Workmen's Compensation Appeal Board (General Battery Corporation)*, 491 Pa. 294, 420 A.2d 1325 (1980), that a person with an occupational disease need not continue to be exposed in his position to the point that he is incapable of performing his job.

On remand, none of the parties presented any evidence on work environment due to their belief that Claimant was incapable of returning to work due to his pulmonary disease regardless of the environment. Again, the referee made a specific finding that Claimant is not disabled from any work-related disease and that his smoking-related emphysema and chronic bronchitis were neither caused by nor accelerated by his occupational exposure. The referee also stated that although it may be contraindicated for Claimant to return to work in a dusty environment, the medical recommendation is due to his physical impairment caused by smoking. The referee concluded that without some occupationally-induced medical condition which creates the risk of increased harm upon return to the work environment, the principle of *Lash* was inapplicable. Again, the referee dismissed the claim petitions.

The Board stated that its remand order of March 15, 1990 remanded for the sole purpose of determining whether Claimant would be exposed to toxic substances if he returned to work, and that the parties' refusal to submit evidence on this flew in the face of its order. In an order dated December 27, 1991, the Board reversed and remanded the case to the referee for the sole purpose of determining which of the defendants is responsible to pay compensation benefits.

On the second remand, again none of the parties submitted evidence to the referee on the issue of an asbestos-free work environment. The referee repeated his findings of fact, stating that Claimant is not disabled due to any occupationally-related disease and that *Lash* is inapplicable. However, in compliance with the remand order, the referee concluded that Employer be responsible for benefits as the longest employer. Dismissing the claim petitions against the other four defendants, the referee granted the petition against Employer and ordered the payment of compensation benefits, interest, attorney fees and costs.

■ Employer appealed the referee's order to the Board. In its January 6, 1995 order, rather than addressing Employer's argument that Claimant did not have an occupational disease, the Board affirmed the award against Employer by merely stating, but without referencing where, that it had held in its prior opinions that Claimant was entitled to benefits. Employer then filed this appeal.[4]

■ Employer contends the Board erred in reversing the referee because Claimant failed to prove any work-related injury or occupational disease, making *Lash* inapplicable. In *Lash*, two claimants were transferred from their positions which exposed them to lead, to lower-paying jobs with no exposure because, based on prior exposure, they had become lead absorbers. The Supreme Court stated that they had contracted

---

3. None of the medical witnesses diagnosed Claimant with an asbestos-related disease. Even Dr. Wald, Claimant's medical witness, testified that Claimant's pulmonary disease was related to his smoking; although he stated that this condition was aggravated by dust in Claimant's work environment that testimony was rejected by the referee.

4. On appeal, our standard of review of a Board order is limited to determining whether there has been a constitutional violation, or an error of law, or whether the necessary findings of fact are supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

the occupational disease of lead poisoning and that further lead exposure would be perilous to their health. Holding that they were eligible for partial compensation benefits due to their loss of earning power because they were precluded from performing jobs that required exposure to lead, the Supreme Court stated "[t]hat appellants' health had not yet deteriorated to the advance stages of lead poisoning does not mean that they were not suffering from a compensable injury". *Id.* at 297, 420 A.2d at 1326.

By granting compensation for a non-work-related disability that precludes Claimant from returning to work unless a position is offered that accommodates that disability, the Board misinterprets *Lash*. *Lash* requires that Claimant have an underlying occupational disease that precludes the further exposure, not merely that Claimant has a condition that precludes him from returning to his job. *See Volterano v. Workmen's Compensation Appeal Board (Traveler's Insurance Co.)*, 536 Pa. 335, 344, 639 A.2d 453, 457 (1994).[5]

The referee specifically found, based on the medical testimony of Dr. Kaplan, that Claimant suffered from emphysema and was disabled from his job due to the emphysema caused by smoking and that the work exposure to dust had no bearing on the development or progression of Claimant's emphysema. Based on this finding, the medical recommendation that Claimant avoid work environments with dust or asbestos does not bring this case within *Lash*. Accordingly, the Board erred in twice reversing and remanding the referee's decision and we reverse the Board's order granting benefits. The referee's first order dismissing all claim petitions, including the claim against Employer, is reinstated.

### ORDER

AND NOW, this 29th day of August, 1995, the order of the Worker's Compensation Appeal Board, dated January 6, 1995, No. A92–

1085, is reversed and the order of the referee in this matter, dated June 17, 1988, is reinstated.

### ORDER

NOW, September 11, 1995, footnote 1 of this court's opinion of August 29, 1995, is amended to reflect that (1) on August 21, 1995, this Court reconsidered its prior order and granted respondent leave to file a brief, (2) respondent filed a brief, (3) the court has reviewed the respondent's brief, and (4) this Court's opinion and order of August 29, 1995, remain unchanged.

---

**5.** *See also Bethenergy Mines v. Workmen's Compensation Appeal Board (Kudra)*, 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991); *Davis v. Workmen's Compensation Appeal Board (USX Corp.)*, 130 Pa.Commonwealth Ct. 207, 567 A.2d 782 (1989) (where an occupational disease would progress if the claimant returned to his job, the claimant is at least partially disabled).