**Edward LOCHER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF JOHNSTOWN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 1, 2000.
Decided Aug. 6, 2001.

---

Richard J. Russell, Johnstown, for petitioner.

Michael J. Wagner, Altoona, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge, and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Edward Locher (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge denying Claimant's Claim Petition. We affirm.

Claimant filed a Claim Petition alleging that, as of April 16, 1996, he is totally disabled as a result of inhaling coal dust, salt dust and other airborne matter while working as a street sweeper for the City of Johnstown (Employer) and that this exposure to dust caused him to experience breathing problems and "other medical conditions." Employer filed an Answer denying the allegations set forth in Claimant's Claim Petition. At the May 27, 1997 hearing, Claimant's attorney amended the Claim Petition to allege that Claimant's exposure to dust at work aggravated a pre-existing pulmonary condition.

At the hearings before the WCJ, Claimant testified that he started working for Employer in 1963 as a street cleaner. Claimant stated that this work was "very, very dusty. Sometimes you only go a couple feet and you have to stop. You

can't see where you're going." (N.T. 5/27/97, p. 12). Claimant also testified that he smoked "off and on .... [for] 20 some years. But it was broken because there'd be like periods of five years I didn't smoke." (N.T. 5/27/97, p. 13). Claimant estimated that, in total, he smoked for fifteen or sixteen years. Claimant also has diabetes and heart problems. Because of his health problems, Claimant has, in the past, been told by his doctor to stop working temporarily. When Claimant got home from work on May 16, 1996, his legs were swollen and he was short of breath. He was admitted to the hospital and was instructed by his doctor to stop working permanently. Claimant informed Employer on June 1, 1996 that he could not continue to work because of his lung problems. On June 14, 1996, Employer issued a Notice of Workers' Compensation Denial denying that Claimant suffered a work-related aggravation of his pre-existing lung condition.

Claimant also presented the testimony of his former treating physician, John M. Wisniewski, M.D., who specializes in diseases of the heart, lung and kidneys. He stated that Claimant suffers from chronic obstructive lung disease, diabetes, hypertension, prostate problems and coronary disease. Dr. Wisniewski testified that Claimant's lung disease was caused by his long-term smoking. He instructed Claimant to stop working because his exposure to dust at work "increased his symptoms from his underlying lung disease .... or exacerbated the symptoms of the disease." (N.T. 10/27/97, p. 15).

Employer presented the testimony of Gregory J. Fino, M.D., who specializes in the diagnosis and treatment of lung diseases. Dr. Fino examined Claimant on August 7, 1997. He explained that dust-induced changes in the lung are observable in an X-ray. However, when he performed a chest X-ray in conjunction with the exam, he did not find any abnormalities consistent with a dust-induced lung condition. He also performed a lung function study which showed obstruction consistent with emphysema and also bronchospasm, which is a narrowing of the breathing tubes. Dr. Fino concluded that Claimant's emphysema was neither caused nor aggravated by his exposure to dust while working as a street sweeper but was instead caused by his cigarette smoking. Dr. Fino explained his use of the term "aggravation":

> And there's no doubt in my mind that [Claimant] .... could be at risk of having a worsening of his symptoms of his underlying disease when exposed to all sorts of things, including the dust that may be thrown up by a street sweeper. However, that is different, in my opinion, than an aggravation. *I reserve the term aggravation for an exposure which causes a permanent worsening of one's lung condition such that had that exposure not occurred they wouldn't be as bad as they are.*

(N.T. 1/05/98, p. 20) (emphasis added). Dr. Fino also stated that Claimant would be in the same condition as he is now even if he had never been exposed to dust in the workplace. The WCJ accepted the testimony of Dr. Fino as credible and persuasive.

By decision and order dated August 12, 1998, the WCJ found that Claimant's occupational exposure to dust caused a transitory increase in the symptoms of his lung disease but did not cause any change in the disease itself. Therefore, the WCJ concluded that Claimant did not meet his burden of proving that he was disabled as the result of a work-related injury. Accordingly, the WCJ denied Claimant's Claim Petition. Claimant ap-

pealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[1]

■ Claimant argues that: 1) the decision of the WCJ is not supported by substantial evidence; and 2) the WCJ erred in imposing an improper standard of proof upon Claimant with regard to the issue of whether Claimant sustained an aggravation of a pre-existing medical condition. We disagree.

■ Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth.1998). In performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Id.* Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Id.* Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Id.* It is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Id.* As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these princi-

ples in mind that we consider this challenge.

■ In a claim petition proceeding, the claimant bears the burden of proving that he suffers from a work-related injury that occurred in the course and scope of his employment and that the injury results in a loss of earning power. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)* 535 Pa. 135, 634 A.2d 592 (1993). Additionally, pursuant to Section 301(c)(1) of the Workers' Compensation Act (Act),[2] 77 P.S. § 411(1), included in the definition of "injury" is a work-related aggravation of a pre-existing non-work related injury or medical condition. *See also Armco, Inc. v. Workmen's Compensation Appeal Board (Mattern)*, 542 Pa. 364, 368–369, 667 A.2d 710, 712 (1995). However, this Court has previously held that an incident must materially contribute to a claimant's disability in order for that incident to be classified as an "aggravation." *See SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385, 387 (Pa.Cmwlth.1999). Also, a disability that results from the natural progression of a non-work-related pre-existing condition is not compensable under the Act. *See Vazquez v. Workmen's Compensation Appeal Board (Masonite Corporation)*, 687 A.2d 66, 70 (Pa.Cmwlth.1996) and *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987).

In *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998), the claimant, who was employed by Beth-

---

1. This Court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2606.

lehem Steel as a welder, suffered from pre-existing non-work-related asthma and experienced breathing problems when he was exposed to fumes from paint that was used on freight cars at work. The claimant stopped working because of his breathing problems and filed a claim petition seeking total disability benefits alleging that he was at risk of further exacerbation of his asthma if he returned to work. The referee granted the claimant benefits, and this decision was upheld by the Board and this Court.[3] The Supreme Court, however, reversed, reasoning that because there was no evidence that the claimant had sustained any continuing changes to his pulmonary capacity or in the functioning of his lungs and because the same restrictions would have been placed on the claimant even if he had never worked for Bethlehem Steel, he was not entitled to benefits because he had not sustained an "injury" as defined in the Act.

Additionally, in *Giant Eagle, Inc. v. Workers' Compensation Appeal Board (Thomas )*, 725 A.2d 873 (Pa.Cmwlth.1999) this Court denied a claimant benefits, reasoning that because the claimant "suffers from asthma, which, she admitted, existed prior to the time that she started working for Employer. Claimant's work with Employer did not cause the condition, but merely aggravated Claimant's preexisting asthmatic condition. Claimant had fully recovered from the aggravation, and, therefore, the work-related injury, after leaving the workplace; thus, she is not entitled to any benefits under the reasoning of *Baxter*. Although Claimant in this case might have suffered a recurrence of her disability if she returned to work for Employer, she is not entitled to benefits under the holding of *Baxter* because she did not experience any residual physical

injuries caused by her employment once she left the workplace." *Id.* at 877–888.

Similarly, in the case *sub judice,* Employer's medical expert, which the WCJ accepted as credible, testified that the symptoms of Claimant's underlying lung disease may have worsened when he was exposed to dust at work but that this exposure did not cause any change in his lungs. Rather, Claimant's lungs were injured only by his emphysema which was caused by his cigarette smoking. Furthermore, even if Claimant had never been exposed to dust at work, his lungs would be in the exact same condition that they are in now.

Claimant cites several cases in support of his contention that he is entitled to benefits because his exposure to dust at work exacerbated his symptoms, including *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Boles )*, 677 A.2d 857 (Pa.Cmwlth.1996), *affirmed,* 552 Pa. 148, 713 A.2d 1116 (1998), *Reinforced Molding v. Workers' Compensation Appeal Board (Haney )*, 717 A.2d 1096 (Pa.Cmwlth.1998) and *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company )*, 514 Pa. 450, 525 A.2d 1204 (1987).

In *Boles,* the Supreme Court issued a Per Curiam opinion stating that the claimant was entitled to benefits because "unlike *Baxter,* the workers' compensation judge in this case found as a fact that [the claimant's] aggravation of his pre-existing condition continued after May 7, 1984." In the case *sub judice,* the WCJ made no such finding that Claimant's exposure to dust at work caused him to suffer an injury that continued after he left his employment. Therefore, the *Boles* case is not controlling here.

---

**3.** The *Baxter* case was heard before the passage of Act 44 of 1993 in which the title of

"referee" was changed to "workers' compensation judge."

Also, in *Reinforced Molding*, this Court affirmed the grant of benefits to a claimant and noted that the reason why *Baxter* did not compel a different result was because the workers' compensation judge did not make a finding that the claimant would be under the same restrictions had he not worked for employer. *Id.* at 1102 n. 4. To the contrary, the claimant in *Reinforced Molding* developed a sensitivity to styrene which affected his pre-existing asthma that would not have occurred but for his work-related exposure to styrene. Therefore, he was entitled to benefits.

In *Pawlosky*, the Supreme Court held that a claimant was entitled to benefits when his work-related exposure to chemicals had an adverse effect on his pre-existing asthma. In the case *sub judice*, both medical experts testified that Claimant's exposure to dust at work did have a temporary adverse effect on his pre-existing lung disease. Therefore, *Pawlosky* would seem to mandate an award of benefits. The *Baxter* case mentions but does not expressly overrule *Pawlosky*.[4] However, given that *Baxter* is a more recent decision and is factually similar to this case, it is controlling here. Furthermore, this Court's decision in *Giant Eagle* mandates that we determine whether Claimant is entitled to benefits based on the holding of *Baxter*.

Both Claimant and the claimant in *Baxter* did not suffer any actual damage to their lungs as the result of any condition of their employment and both would have been in the exact same physical condition regardless of whether they had ever worked for their respective employer. Additionally, given the requirement that an incident must materially contribute to a pre-existing injury or condition in order to

be an "aggravation", Claimant would not be entitled to benefits because the accepted medical testimony indicates that his exposure to dust did not materially contribute to his pre-existing lung disease. Moreover, unlike the claimant in *Reinforced Molding* whose sensitivity to styrene was caused by a condition of his employment, Claimant's sensitivity to dust was not caused by his exposure to dust at work. The exacerbation of Claimant's symptoms that occurred as a result of his exposure to dust at work was the result of a progression of his underlying non-work-related lung disease, not because of any condition at work. Therefore, Claimant did not suffer an injury that is compensable under the Act.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, August 6, 2001, the order of the Workers' Compensation Appeal Board docketed at A98–3513 and dated June 23, 2000 is hereby AFFIRMED.

---

4. The dissent in *Baxter* notes that "the majority mentions *Pawlosky* only to note that the Commonwealth Court below relied upon it in making its determination." *Id.* at 666, 708 A.2d at 805.